UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | | |
|---|---|---|
| SARA ABIGAIL CUBIAS CORNEJO, A# 216-781-156, | ) | |
| Petitioner, | ) | Case No. 5:26-cv-06205 |
| v. | ) | |
| JOSHUA JOHNSON, in his official capacity as Warden, Adelanto ICE Processing Center; | ) | |
| JAIME RIOS, in his official capacity as Acting Field Office Director, U.S. Immigration and Customs Enforcement; | ) | **PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |
| DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; | ) | |
| MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; | ) | |
| TODD BLANCHE, in his official capacity as Attorney General of the United States; and | ) | |
| Respondents. | ) | |

Petitioner SARA ABIGAIL CUBIAS CORNEJO, through undersigned counsel, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and

alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 1331 because Petitioner is in federal custody within this District and challenges the lawfulness of that custody and its process, not the merits of the removal order or BIA appeal.

2. Venue is proper in the Eastern Division because Petitioner is detained at Adelanto ICE Processing Center, 10400 Rancho Road, Adelanto, California 92301, in San Bernardino County.

## PARTIES

3. Petitioner SARA ABIGAIL CUBIAS CORNEJO, A# 216-781-156, is a citizen of El Salvador and is presently detained at Adelanto ICE Processing Center.

4. Respondent JOSHUA JOHNSON is the Warden at Adelanto ICE Processing Center and Petitioner's immediate custodian. He is sued in his official capacity.

5. Respondent JAIME RIOS is identified as Acting Field Office Director for the Los Angeles Area of Responsibility, U.S. Immigration and Customs Enforcement. He is sued in his official capacity.

6. Respondent DAVID J. VENTURELLA is identified as Acting Director of U.S. Immigration and Customs Enforcement. He is sued in his official capacity.

7. Respondent MARKWAYNE MULLIN is identified as Secretary of the Department of Homeland Security. He is sued in his official capacity.

8. Respondent TODD BLANCHE is identified as Attorney General of the United States. He is sued in his official capacity.

9. H. CERVANTES is Petitioner's assigned Deportation Officer. Petitioner identifies Officer Cervantes as a custody-related official but does not name him as the immediate custodian.

FACTS

10. Petitioner was released on bond in 2021 and remained at liberty until her recent detention. During that period, she complied with ICE check-ins and immigration-court dates to counsel's knowledge, did not abscond, and has been law-abiding, with no new criminal conduct known to counsel.

11. On August 6, 2026, an Immigration Judge ordered Petitioner removed. Because Petitioner's record of proceedings was a paper record, she timely submitted a paper Notice of Appeal to the Board of Immigration Appeals (BIA). The BIA received the original appeal on August 31, 2026. See Exhibit D.

12. The BIA rejected the fee-waiver request because the Form EOIR-26A stated that Petitioner had sufficient assets to pay the filing fee. The BIA's September 3, 2026 rejection notice stated that the filing deadline would be tolled during a 15-day cure period. See Exhibit C.

13. The BIA mailed the rejection notice to "1155 College View Dr., Monterey Park, CA 91754," omitting Petitioner's designated apartment number, Apartment H. The address supplied in the original appeal materials included the apartment designation. The BIA later acknowledged in writing that the rejection packet was "erroneously mailed to the respondent" and had not been returned. See Exhibits C and D.

14. Counsel followed up concerning the appeal but did not receive the rejection information until September 29, 2026, when Petitioner was already in custody. Once informed, counsel promptly paid the required appeal fee, refiled the appeal materials, and submitted a motion seeking acceptance of the corrected appeal based on the BIA notice and mailing failure and counsel's diligence. See Exhibit D.

15. The EOIR Case Portal now reflects that Petitioner's BIA appeal was filed on September 29, 2026 and is pending. See Exhibit E.

16. On October 1, 2026, ICE Enforcement and Removal Operations confirmed in writing that the BIA appeal is pending and qualifies for an automatic stay of removal, deportation, or exclusion while the Board adjudicates the appeal. See Exhibit F.

17. Petitioner was detained during the period in which no corrected appeal had yet appeared as pending. That circumstance has now been resolved: the appeal is pending, and ERO confirms the automatic stay. Continued detention therefore

may not rest on the premise that Petitioner has no pending appeal or is immediately removable.

18. Petitioner has not received a Form I-286 or other written custody determination. The statutory and factual basis for her present detention remains undisclosed.

19. On October 6, 2026, Petitioner filed a Request for Bond Redetermination and Prompt Bond Hearing in paper with the Adelanto Immigration Court and served ICE OPLA Adelanto by certified overnight mail. See Exhibit G. As of filing, no hearing notice, ruling, or meaningful response has issued.

20. Petitioner has a stable release plan. Her husband, Samuel Verdin, a United States citizen, will provide housing, financial support, transportation, and compliance support at their shared residence, 1155 College View Drive, Apartment H, Monterey Park, California 91754. See Exhibits H, I, L, M, and N.

21. Petitioner's church deacon and workplace contacts support her release and attest to her good character, reliability, and community ties. See Exhibits J and K. These facts, along with years of appearance and compliance, materially demonstrate that Petitioner is not a danger or flight risk and that conditions of supervision are workable.

CLAIMS FOR RELIEF

**COUNT I: UNLAWFUL CIVIL IMMIGRATION DETENTION AND DENIAL OF DUE PROCESS**

22. Petitioner incorporates the preceding allegations.

23. The Fifth Amendment protects all persons in the United States. Continued civil immigration detention must be supported by a disclosed lawful detention authority and meaningful process.

24. Respondents have continued to detain Petitioner after the BIA appeal was corrected and shown pending, notwithstanding ERO's written confirmation of the automatic stay, without providing custody documentation or a prompt custody-jurisdiction determination.

25. Petitioner's long record of compliance, stable sponsor and residence, and community support require an individualized explanation for detention; continued detention without a disclosed statutory and factual basis does not provide meaningful process.

**COUNT II: ALTERNATIVE REQUEST FOR PROMPT INDIVIDUALIZED CUSTODY HEARING**

26. In the alternative, if Respondents maintain that continued detention is permissible, Petitioner seeks a prompt individualized custody hearing before an Immigration Judge, with Respondents required to disclose the asserted detention authority and support continued detention under the governing standard.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that the Court:

27. Assume jurisdiction, order Respondents to show cause on an expedited basis, and require production of the operative custody documentation, including any Form I-286 and all written custody determinations;

28. Declare unlawful continued detention predicated on the absence of a pending appeal or imminent removal, where the appeal is pending and ERO has confirmed the automatic stay;

29. Order Petitioner's release under reasonable supervision conditions; or, alternatively, require an individualized bond/jurisdiction hearing within seven days;

30. Prohibit removal while the automatic stay remains in effect and any transfer that would impair this Court's jurisdiction without prior notice to counsel and the Court; award costs and fees as allowed by law; and grant such other relief as the Court deems just and proper.

Dated: October 20, 2026

Respectfully Submitted,

/s/ Elnaz Shahla, Esq. | Atty. Reg. No. 349119
Shahla Legal APC | 555 Anton Blvd STE 150
Costa Mesa, CA 92626 | Telephone: (949) 241-0866
Attorney for Petitioner