**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| SARA ABIGAIL CUBIAS CORNEJO,<br><br>Petitioner,<br><br>v.<br><br>JOSHUA JOHNSON et al.,<br><br>Respondents. | Case No. 5:26-cv-06205-DFM<br><br>ORDER GRANTING IN PART UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Petitioner Sara Abigail Cubias Cornejo filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging her re-detention by U.S. Immigration and Customs Enforcement ("ICE"). See Dkt. 1 ("Petition"). Respondents did not appear or respond by the Court-set deadline. See Dkt. 4. That default does not itself entitle Petitioner to relief, see Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990), so the Court treats the Petition's well-pleaded allegations as uncontested and reaches the merits.

For the reasons stated below, the Petition is **GRANTED** in part. Respondents shall release Petitioner Sara Abigail Cubias Cornejo (A# 216-781-156) on the conditions of her prior release. The remaining claims and requests for relief are **DENIED**.

## II. BACKGROUND

Petitioner, a citizen of El Salvador, applied for admission at the port of entry in El Paso, Texas, on December 24, 2020, without valid entry documents. See Dkt. 1-1 at 4 (Ex. A). After an asylum officer found that she had a credible fear of persecution, she was served with a Notice to Appear and placed in removal proceedings. See id. She was released on bond in 2021 and remained at liberty for more than five years, during which she appeared for ICE check-ins and immigration-court hearings; she has no known criminal history. See Petition ¶ 10; Dkt. 1-1 at 33 (Ex. E).

On August 6, 2026, an Immigration Judge ("IJ") denied Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture and ordered her removed. See Petition ¶ 11; Dkt. 1-1 at 15-24 (Ex. B). The Board of Immigration Appeals ("BIA") received her notice of appeal on August 31, 2026, but rejected it on September 3 because of a defective fee-waiver request, allowing fifteen days to cure. See Petition ¶ 12; Dkt. 1-1 at 27-28 (Ex. C). The BIA mailed the rejection notice to an address that omitted Petitioner's apartment number, and a BIA clerk later acknowledged in writing that the notice was "erroneously mailed." Dkt. 1-1 at 30 (Ex. D); see Petition ¶ 13. Counsel learned of the rejection on September 29, 2026, when Petitioner was already in ICE custody, and that day re-filed the appeal with the fee and a motion asking the BIA to accept it. See Petition ¶ 14. BIA records show the appeal as filed September 29, 2026 and pending. See Dkt. 1-1 at 33 (Ex. E); see also https://acis.eoir.justice.gov/en/ (search A-Number: "216-781-156," Nationality: "El Salvador") (last accessed October 28, 2026) ("A case appeal was received on September 29, 2026. It is currently pending."). On October 1, 2026, ICE confirmed in writing that the appeal "qualifies for an automatic stay of removal" while the BIA adjudicates it. Dkt. 1-1 at 35 (Ex. F); see Petition ¶¶ 15-16.

The Petition does not say when or where Petitioner was re-arrested; it alleges that she was in custody by September 29, 2026, and that she is held at the Adelanto ICE Processing Center. See Petition ¶¶ 3, 14, 17. She has received no Form I-286 or other written custody determination, and the basis for her detention has not been disclosed. See id. ¶ 18. On October 6, 2026, she asked the Adelanto Immigration Court for a bond redetermination; no hearing has been set. See id. ¶ 19; Dkt. 1-1 at 37-42 (Ex. G). Petitioner claims that her continued detention violates the Fifth Amendment's Due Process Clause. See Petition ¶¶ 22-25. She seeks release or, alternatively, a custody hearing, along with other relief. See id. ¶¶ 26-30.

## III. DISCUSSION

A district court may grant habeas relief when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner's removal order is on appeal to the BIA, and ICE has confirmed that the appeal is pending and carries an automatic stay. See Dkt. 1-1 at 33, 35. On this record no administratively final removal order has issued, so Petitioner's detention is governed by 8 U.S.C. §§ 1225 and 1226, not § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 533-34 (2021). The record discloses neither the provision Respondents invoke nor the instrument of the 2021 release, but the analysis below turns on neither. Exhaustion is prudential, see Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011), and the non-appearing Respondents have not argued it.

The Due Process Clause protects a person's interest in conditional liberty once she has been released. In Morrissey v. Brewer, 408 U.S. 471, 482 (1972), the Supreme Court held that such liberty "is valuable and must be seen as within the protection of" the Due Process Clause, and that its termination "calls for some orderly process." A noncitizen released from immigration

custody who remains at liberty and complies with the conditions of release acquires a protected interest in her continued release. Petitioner did so for more than five years.

The sufficiency of the procedures attending a deprivation of liberty is assessed under the three-factor framework of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), which weighs (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of additional process. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (applying Mathews to immigration detention).

Each factor favors Petitioner. The private interest, freedom from confinement after more than five years of compliant liberty, is substantial. The risk of erroneous deprivation is high because, on the uncontested record, Petitioner received no notice, no written custody determination, and no opportunity to be heard, either before or after her arrest. And Respondents assert no governmental interest. The record suggests one possible reason for the arrest: the apparent lapse of Petitioner's deadline to appeal after the BIA misaddressed its rejection notice. That premise no longer holds, because ICE has confirmed that the appeal is pending and that removal is stayed. Respondents identify no danger, flight risk, violation of release conditions, or other changed circumstance, and they do not rely on the IJ's non-final removal order. Petitioner's continued detention violates procedural due process.

The unopposed remedy is release restoring the status quo ante, which is the conditions of Petitioner's prior release. That disposition affords complete relief, so the Court does not reach Petitioner's alternative request for a custody hearing or her requests concerning removal and transfer, and it expresses no view on any future re-detention on a different record.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition is **GRANTED** in part.

2. Respondents shall forthwith release Petitioner Sara Abigail Cubias Cornejo (A# 216-781-156) on the conditions of release in effect immediately before her 2026 re-detention.

3. Within five (5) days, Respondents shall file a status report confirming compliance with paragraph 2.

4. All other requests for relief are **DENIED**.

5. Any application for fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, shall be filed in accordance with that statute.

Date: October 28, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge